

# THE ATTORNEY GENERAL

## OF TEXAS

Grover Sellers
JOHN ~~XXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

State Board of Education
Austin, Texas

Dear Sirs:

Opinion No. O-6983

Re: Refunding or readjustment of
the bonds of the Cisco Inde-
pendent School District which
are held by the State.

We are in receipt of your letter concerning the bonds
of the Cisco Independent School District together with a copy of
the application for readjustment submitted to you by the School
District.

We summarize the facts in this case and the problems
you present for our opinion to be as follows:  The bonds of this
school district were originally issued at a time when the as-
sessed valuation of the district was many times that of today.
When issued, the bonds met every requirement and were entirely
eligible for purchase as an investment for the Permanent School
Fund.  The instability of estimated oil values have caused the
present assessed valuations to be much lower than at the time
the bonds were issued.  However, the large debt of the district
still remains.  The Permanent School Fund owns the bonds with
which we are concerned.  The bonds bear interest at the rate of
five per cent (5%) and because of the lowered valuations of the
district, its income is insufficient to meet interest payments
and has been for a number of years.  The proposal is to refund
the bonds which have not matured at a lower rate of interest
or to "readjust" the indebtedness by changing those bonds on
their face to provide for two and one-half percent (2½%) inter-
est instead of five percent (5%).  The plan also calls for the
postponement of the payment of the past-due interest now owing
to the available school fund.

Article VII, Section 4, of the Constitution of Texas
provides as follows:

"The lands herein set apart to the Public Free
School Fund, shall be sold under such regulations,
at such times, and on such terms as may be prescribed

by law; and the Legislature shall not have power to grant any relief to purchasers thereof. The Comptroller shall invest the proceeds of such sales, and of those heretofore made, as may be directed by the Board of Education herein provided for, in the bonds of the United States, the State of Texas, or counties in said State, or in such other securities, and under such restrictions as may be prescribed by law; and the State shall be responsible for all investments." (Underscoring ours.)

Article 2669, V.A.C.S., provides as follows:

"The State Board of Education is authorized and empowered to invest the permanent public free school funds of the State in bonds of the United States, the State of Texas, or any county thereof, and the independent or common school districts, road precincts, drainage, irrigation, navigation and levee districts in this State, and the bonds of incorporated cities and towns, and obligations and pledges of the University of Texas."

Authority for the issuance of refunding bonds is contained in Article 2789, V.A.C.S., which reads as follows:

"Where bonds have been legally issued, or may be hereafter issued, by any town or village incorporated for free school purposes only, or any common school district, independent school district, consolidated common school district, consolidated independent school district, county line school district, consolidated county line school district, or rural high school district, new bonds, bearing the same or a less rate of interest, may when ordered by the governing board thereof be issued either as term bonds or as serial bonds, maturing in either case within forty (40) years from date of issue, and may be made optional on any interest payment date as the governing board shall direct; provided further, that matured interest coupons of such district may be refunded in like manner; and provided further, that no election shall be necessary to authorize the issuance of such new bonds; and provided further, that the State Treasurer shall, upon order of the State Board of Education, exchange bonds not matured held by him for the permanent school fund for the new refunding bonds issued by the same

incorporation under the provisions of this Sub-
division, in case the rate of interest on the
new bonds is not less than the rate of interest
on the bonds for which they are exchanged."
(Underscoring ours.)

This department has always ruled that Article 2789,
above, prohibits the State Board of Education from permitting
the refunding of bonds held for the benefit of the State Per-
manent School Fund into new bonds bearing a lower rate of in-
terest. On March 19, 1937, Assistant Attorney General Victor
W. Bouldin wrote an opinion addressed to Mr. H. A. Hefner,
Batson, Texas, which stated in part as follows:

"However, the statute specifically prohibits
the State Board of Education from permitting the
refunding of bonds held for the benefit of the
State Permanent School Fund into new bonds bear-
ing a lower rate of interest. In fact this de-
partment has held that the Constitution prohibits
the lowering of a contractual rate of interest
due the state on bonds held by the Permanent School
Fund."

The Constitutional provision referred to in that opin-
ion is Article III, Section 55, which reads as follows:

"The Legislature shall have no power to re-
lease or extinguish, or to authorize the releas-
ing or extinguishing, in whole or in part, the
indebtedness, liability or obligation of any in-
corporation or individual, to this State, or to
any county or other municipal corporation therein."

Several cases have passed on the question of applying
this constitutional inhibition to certain executory contracts
entered into by the State. The principal case is that of Rhoads
Drilling Co. v. Allred, 70 S.W.2d 576. In that case the Commis-
sion of Appeals of Texas upheld the validity of a State contract
which, for consideration, reduced the mineral returns to be re-
ceived by the State below that which the State would receive
under a prior contract. The Court stated as follows:

"A decision that the Legislature is powerless
to authorize the change of an executory obligation
in such way as to benefit one who has contracted
with the State would deny to the State the import-
ant power and right to modify its contracts.

"....

"The State cannot enjoy and exercise fully
the important right to contract, unless it is
permitted through officers or representatives
authorized by the Legislature to modify its
executory contracts when a proper occasion
arises."

There can be little question, however, but that Article 2789, quoted herein, does prohibit the State Board of Education from accepting refunding bonds at a rate of interest lower than those for which they are exchanged. The wisdom of such a prohibition when applied to the present fact situation is a matter which must, of necessity, address itself to the Legislature. This department must be controlled by the plain wording of the statute. You are therefore advised that the State Board of Education would be without authority to exchange the bonds of the Cisco Independent School District for refunding bonds bearing a lower rate of interest.

It was suggested as an alternate proposal that instead of issuing refunding bonds for exchange that the Board agree to change the face of the bonds the Permanent School Fund now holds to call for two and one-half percent (2½%) interest instead of five percent (5%). It was submitted that in this way the express language of Article 2789 could be avoided. However, a bond is only the written evidence of the contract. As stated by Judge Fly of the San Antonio Court of Civil Appeals in the case of New Nueces Hotel Co. v. Weil Bros., 243 S.W. 733, "A bond is merely an evidence of debt." Whether you change the old paper or issue a new paper the contract has been changed and two and one-half percent (2½%) interest bearing bonds have been exchanged for five percent (5%) interest bearing bonds. This department cannot approve this proposal which would accomplish by indirection that which is directly prohibited by statute.

The six percent (6%) interest on delinquent interest referred to in the application submitted by the School District is chargeable under the provisions of Article 5070, V.A.C.S., which reads as follows:

"When no specified rate of interest is agreed
upon by the parties, interest at the rate of six
per cent per annum shall be allowed on all written
contracts ascertaining the sum payable, from and
after the time when the sum is due and payable; and
on all open accounts, from the first day of January
after the same are made."

This department has so held over a period of years in several opinions, the latest of which is Opinion No. O-4824, dated September 18, 1942.

We are unable to find any authority for the School District to issue so-called "certificates of indebtedness." However, your attention is invited to our Opinion No. O-4850, a copy of which is enclosed for your information. In that opinion, this department ruled that the State Board of Education had the authority to authorize the refunding of past due interest coupons from bonds held for the account of the Permanent School Fund into interest refunding bonds to be held for the Account of the State Available School Fund, even if the interest refunding bonds bear a lesser rate of interest than the bonds from which the coupons are detached.

We trust that this opinion answers your questions relative to the authority of the State Board of Education in passing on the application of this School District.

We wish to acknowledge with appreciation the briefs which were submitted in connection with the application of the Cisco Independent School District and your opinion request.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By /s/ Billy B. Goldbert
Assistant

BBG;ms;djm;rt

APPROVED NOV 14, 1946

/s/ Grover Sellers

ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By BWB
Chairman